Case No. 1:17-cv-00877-RP

**In the United States District Court
For the Western District of Texas
Austin Division**

---

In re: Dune Energy, Inc., *et al*.,
*Debtors*,

Dan B. Lain, as Trustee of the Dune Plan Trust,
*Plaintiff-Appellee*
*v.*
James A. Watt, *et al*.,
*Defendants-Appellants*

---

On Appeal from the United States Bankruptcy Court
for the Western District of Texas, Austin Division
Adv. No. 17-01052
Christopher H. Mott, Bankruptcy Judge Presiding

---

**Appellants' Joint Opening Brief**

---

**BROWN RUDNICK LLP**
Sigmund S. Wissner-Gross
Kenneth J. Aulet
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
swissner-gross@brownrudnick.com
kaulet@brownrudnick.com

**PORTER HEDGES LLP**
John F. Higgins
State Bar No. 09597500
Alison P. Henderson
State Bar No. 24087707
1000 Main Street, 36th Fl.
Houston, Texas, 77002
Telephone: (713) 226-6648
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
ahenderson@porterhedges.com

**Attorneys for Defendants-Appellants**

# Table of Contents

Jurisdiction Statement ...................................................................................1

Statement Regarding Oral Argument ....................................................1

Statement of Appellate Issues.................................................................2

Statement of the Case...............................................................................2

Statement of Facts .....................................................................................5

    A.    Background of Appellants' Relationship with the Debtors and
the Commencement of the Debtors' Chapter 11 Cases ........................5

    B.    The Plaintiff's State Court Lawsuit.......................................................7

    C.    Removal and the Adversary Proceeding ...........................................10

    D.    The Abstention Order .......................................................................11

Summary of the Argument......................................................................13

Argument and Authorities......................................................................13

    A.    The Bankruptcy Court Was Not Required To Abstain ......................13

    B.    The Removed Complaint Creates Jurisdiction that Makes
Mandatory Abstention Inapplicable...................................................14

    C.    The Second Amended Complaint Creates "Arising-Under"
Jurisdiction Making Mandatory Abstention Inapplicable..................18

    D.    Because the Interpretation of the Bankruptcy Court's Orders is
at Issue, the Bankruptcy Court Abused its Discretion in
Permissively Abstaining....................................................................22

Conclusion ................................................................................................26

Certificate of Compliance ......................................................................29

Certificate of Service ..............................................................................29

6442021

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Boelens v. Redman Homes, Inc.,
   759 F.2d 504 (5th Cir. 1985) ...................................................................15, 16, 17

Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,
   6 F.3d 1184 (7th Cir. 1993) ...........................................................................23, 24

Cmty. Care Bossier Inc. v. Foti,
   228 Fed. App'x 444 (5th Cir. 2007) ..............................................................5, 14

Drew v. Chase Manhattan Bank, N.A.,
   185 B.R. 139 (S.D.N.Y. 1995) .............................................................................17

In Matter of Galaz,
   841 F.3d 316 (5th Cir. 2016) ..........................................................................5, 14

Gupta v. Quincy Medical Center,
   858 F.3d 657 (1st Cir. 2017)........................................................................21, 22

H.T. Hackney Co. v. REWJB Gas Invs. (In re United Petroleum Grp.,
   Inc.),
   311 B.R. 307 (Bankr. S.D. Fla. 2004) ...............................................................16

Malesovas v. Sanders,
   No. Civ. A. H-04-3122, 2005 WL 1155073 (S.D. Tex. May 16,
   2005) .......................................................................................................................20

Matter of Martinez,
   No. 00-40412, 2000 WL 34508398 (5th Cir. Oct. 5, 2000) ...............................19

Nancy Sue Davis Trust v. Davis, No. MISC.A. C-09-9, 2009 WL
   1066996 (S.D. Tex. Apr. 21, 2009) ................................................19, 20, 21, 26

In re Parkwood Realty Corp.,
   157 B.R. 687 (Bankr. W.D. Wash. 1993)....................................................24, 26

6442021

Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan,
883 F.2d 345 (5th Cir. 1989) ...................................................................25

State Farm Mut. Auto. Ins. Co. v. Lopez,
156 S.W.3d 550 (Tex. 2004) ...................................................................25

In re Texaco Inc.,
182 B.R. 937 (Bankr. S.D.N.Y. 1995) ...................................................23

In re TXNB Internal Case,
483 F.3d 292 (5th Cir. 2007) ..................................................................18

Weaver v. Tex. Capital Bank, N.A.,
410 B.R. 453 (N.D. Tex. 2009) ..............................................................19

**Statutes**

11 U.S.C. § 365(a) .......................................................................................26

11 U.S.C. § 544 ......................................................................................8, 17

11 U.S.C. § 548 ..............................................................................8, 15, 17

11 U.S.C. § 550 ...........................................................................................8

11 U.S.C. § 551 ...........................................................................................8

28 U.S.C. § 158(a)(1) ...................................................................................1

28 U.S.C. § 365 .........................................................................................26

28 U.S.C. § 1331 ....................................................................................1, 17

28 U.S.C. § 1334 ......................................................................1, 14, 17, 18

28 U.S.C. § 1367(a) ..................................................................................18

28 U.S.C. § 1404 .........................................................................................8

28 U.S.C. § 1412 .........................................................................................8

28 U.S.C. § 1441 .........................................................................................8

28 U.S.C. § 1452 .........................................................................................8

6442021

Tex. Bus. Orgs. Code § 1.102 ...................................................................25

Tex. Bus. Orgs. Code § 1.105 ...................................................................25

## Jurisdiction Statement

The United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court") had subject matter jurisdiction over this case under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1331.

This Court has jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1331, and 28 U.S.C. § 158(a)(1). The Bankruptcy Court entered its order in this adversary proceeding on August 24, 2017, and James A. Watt, Frank T. Smith Jr., Hal L. Bettis, Amiel David, Alan Gaines, Alan D. Bell, Alexander A. Kulpecz, Jr., Emanuel R. Pearlman, Eric R. Stearns, John A. Brecker, Marjorie L. Bowen, Michael A. Keener, Richard M. Cohen, Robert A. Schmitz, Steven P. Kovacs, Steven Barrenechea, Steven M. Sisselman, and William E. Greenwood (collectively, the "Appellants" or the "Defendants") timely filed their notices of appeal to this Court on September 7, 2017.

## Statement Regarding Oral Argument

Appellants do not request oral argument. Appellants believe that the legal issues in this case can be decided based on the papers submitted and the record.

## Statement of Appellate Issues

1.      Whether the Bankruptcy Court erred in holding that the Bankruptcy Court was required to abstain from this adversary proceeding?

2.      Whether the Bankruptcy Court erred in holding that, in the event the Bankruptcy Court was not required to abstain, that it would nonetheless permissively abstain from this adversary proceeding?

## Statement of the Case

This appeal concerns whether a post-confirmation trustee, after choosing to plead federal causes of action in his complaint and having that complaint properly removed to the Bankruptcy Court by Appellants, and then choosing to amend his complaint to include affirmative claims that the operative bankruptcy plan voided general releases and a standard corporate "exculpation clause" and thereby created or revived new causes of action that could not have been asserted pre-petition can evade the consequences of those choices.

Appellants were former directors and officers of Dune Energy Inc., a Delaware corporation that did business in Texas and Louisiana.  Dan B. Lain, Trustee of the Dune Plan Trust (the "Plaintiff" or "Appellee") filed his initial complaint in Texas state court in Brazoria County (the "Texas State Court") against the Appellants incorporating two unambiguously federal claims that

explicitly invoked federal bankruptcy law.  The Plaintiff then, a day later, amended his complaint to include additional counts but left the federal character of his complaint unchanged.  Based on, *inter alia*, these federal bankruptcy claims the Appellants removed this case to federal court, where it was ultimately referred by this Court to the Bankruptcy Court.  Following reference to the Bankruptcy Court, Appellants filed a motion to dismiss, seeking to dismiss virtually the entire complaint on various legal grounds.  The Bankruptcy Court then directed the Plaintiff to replead his complaint in compliance with federal pleading standards.

Rather than replead in compliance with federal pleading standards, however, the Plaintiff chose to refashion his complaint in a transparent attempt to evade the Bankruptcy Court's jurisdiction and escape the consequences of his initial pleading, in defiance of clear Fifth Circuit precedent disallowing such attempts.  However, the Plaintiff *also* chose to, in this pleading, affirmatively plead that Dune's plan of reorganization voided releases and Dune's exculpation clause in an attempt to preempt the Appellee's expected second motion to dismiss, again placing the Bankruptcy Code squarely at issue in this proceeding.  Following the filing of that amended complaint, the Plaintiff filed a motion seeking to require the Bankruptcy Court to exercise mandatory abstention, or in the alternative, for the Bankruptcy Court to permissively abstain.  Following a hearing on August 4, 2017, the Bankruptcy Court, in a ruling dated August 24, 2017, rejected the Plaintiffs

arguments that it lacked jurisdiction and noted that there was no challenge to the propriety of Appellee's removal of this action to federal court, but granted the motion to abstain and remanded the case to the Texas State Court.

The central questions presented for the Court's review on appeal are (i) whether the Plaintiff can, as a threshold matter, defeat the Bankruptcy Court's ability to exercise jurisdiction over a properly removed case through amendment of his complaint, and (ii) if the Bankruptcy Court (and not the Texas State Court) is the proper forum for the determination of whether, as the Plaintiff alleges in his complaint, Dune's confirmed plan of reorganization permits the Plaintiff to pursue pre-bankruptcy released state law claims as the assignee of claims of Dune (and, purportedly, as assignee of the creditors of Dune). If the answer to those questions is that the Plaintiff may not evade the consequences of his pleading and that the Bankruptcy Court (and not the Texas State Court) is the proper forum for the determination of such issues, it must be determined whether the Bankruptcy Court abused its discretion to permissively abstain despite the fact that Plaintiff's complaint squarely places the interpretation of the Bankruptcy Court's own order at issue. The appeal raises significant question as to whether a federal bankruptcy court, and not a Texas state court, should be the party interpreting and enforcing its own orders.

A bankruptcy court's decision to abstain is reviewed for abuse of discretion, but the review as to whether the requirements of the abstention doctrine are met is reviewed *de* novo. See Cmty. Care Bossier Inc. v. Foti, 228 Fed. App'x 444, 445 (5th Cir. 2007) ("Although we review a district court's abstention ruling for abuse of discretion, we review de novo whether the requirements of a particular abstention doctrine are satisfied.") (quoting Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm., 283 F.3d 650, 652 (5th Cir. 2002)); see also In Matter of Galaz, 841 F.3d 316, 323 (5th Cir. 2016) (mandatory abstention reviewed under an abuse of discretion standard).

## Statement of Facts

**A.    Background of Appellants' Relationship with the Debtors and the Commencement of the Debtors' Chapter 11 Cases**

The Appellants are 18 former directors and officers of Dune Energy Inc. (together with its two wholly owned subsidiaries, "Dune"), with four Appellants having been officers and fifteen Appellants having been directors.[1]  It is undisputed that ten Appellants had left Dune well before Dune's bankruptcy proceedings described further below.  Seven of those Appellants received full releases of all claims, and such releases are a matter of public record and were duly filed with the SEC.  See Dkt. 3-2, Bankruptcy Appeal Record ("R.") at 1305-1338 (Higgins Decl. in Supp. of Defs' Mot. to Dismiss Pl.'s First Am. Original Pet., Adv. Pro.

---

[1] Appellant James A. Watt was both a director and an officer.

No. 17-0152 (Bankr. W.D. Tex. May 12, 2017) [Dkt. No. 9-2] ("Higgins Decl."),
Exs. F & G).

Two Appellants, Emanuel R. Pearlman and Stephen P. Kovacs received
releases that took effect immediately as part of a comprehensive resolution of all
matters between them and Dune upon their departure in early 2013, where Dune
released any claims that Dune might hold against Mr. Pearlman and Mr. Kovacs,
and Mr. Pearlman and Mr. Kovacs released all claims that they might hold against
Dune. Five Appellants, Alan Bell, Richard M. Cohen, Steven Barrenchea, Steven
Sisselman, and William Greenwood signed agreements in January 2012 that
required Dune to bring any claims against them within two years or all such claims
would be released as part of an out-of-court restructuring of Dune and their
departure from the board in connection with that restructuring, and so their release
of all claims vested in January 2014.

Dune Energy Inc.[2] was a Delaware corporation and had a standard
"exculpation clause" pursuant to Delaware law exculpating all directors of Dune
Energy Inc. from any liability for breach of the fiduciary duty of care. Dkt. 3-2, R.
1030-1045, 1230-1304 (Higgins Decl., Exs. A & E).

---

[2] Dune's wholly owned subsidiaries were Texas corporations, but the Trustee's Second
Amended Complaint (as defined below) does not assert any Appellant was a director or officer
of either subsidiary, and there are no allegations with respect to any Dune subsidiary board. See
Dkt. 3-2, R. 1351 (Pl.'s Second Am. Compl., Adv. Pro. No. 17-01052 (Bankr. W.D. Tex. June 9,
2017) ("Second Amended Complaint" or "SAC") ¶ 30).

On March 8, 2015, Dune Energy Inc. and its two wholly owned subsidiaries, Dune Operating Company and Dune Properties, Inc., commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"). On September 18, 2015, the Bankruptcy Court entered an order confirming the Dune Plan. On September 30, 2015, the Dune Plan became effective and was consummated. The Plan provided for the creation of the Dune Plan Trust and the assignment of certain causes of action (the "Transferred Claims") owned by the debtors or their estates to the Dune Plan Trust. Further, the Dune Plan provided that this Court retained jurisdiction to, *inter alia*, "hear, determine, and adjudicate any litigation involving … causes of action constituting Estate Property" and to "resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of the Plan[.]" Dkt. 3-2, R. 537-538 (Chapter 11 Plan of the Debtors, Case No. 15-10336 (Bankr W.D. Tex. Sept. 18, 2015) [Dkt. No. 558] ("Dune Plan") at § 13.1).

Numerous Appellants, including all seven of the Appellants with fully vested releases, received no notice of Dune's bankruptcy proceedings.

**B.      The Plaintiff's State Court Lawsuit**

On or about March 6, 2017, the Trustee commenced this action through the filing of the Plaintiff's Original Petition (the "Original Petition") in the District

Court of Brazoria County, Texas.  On or about March 7, 2017, the Trustee filed an amended complaint (the "Removed Complaint") in the State Court, adding a single additional state law cause of action and making minor non-substantive changes. Dkt. 3-2, R. 899-974 (Pl.'s First Am. Original Pet., Cause No. 90698-CV (149th Jud. Dist., Brazoria Cty. Mar. 7, 2017) (attached as Ex. B. to Mot. to Dismiss Pl.'s First Am. Orig. Pet. [Dkt. 9])).  Both the Original Petition and the Removed Complaint asserted, *inter alia*, claims under 11 U.S.C. §§ 544, 548, 550, and 551. On the same day, March 7, 2017, the Trustee filed adversary proceedings against eight of the Defendants in the Bankruptcy Court.  Also on the same day, the Trustee filed adversary proceedings against four former directors and officers of Dune who are not Defendants in this action.

On March 24, 2017, Defendants timely removed this action to the Southern District of Texas pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1452, on the basis that the Removed Complaint established (i) federal question jurisdiction, as well as (ii) arising in, (iii) arising under, and (iv) related to bankruptcy jurisdiction.  On April 11, 2017, the Southern District of Texas District Court entered an order transferring this action to the Western District of Texas pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1412.

On May 3, 2017, this Court entered an order granting the Defendants' motion to transfer this action to this Court on the basis that the motion was

unopposed as the Plaintiff had filed no response to the motion.  This action was then referred to the Bankruptcy Court on May 5, 2017.

On May 12, 2017 the Defendants filed a motion to dismiss (the "Motion to Dismiss") seeking to dismiss virtually all of the Removed Complaint on numerous grounds, including the grounds relevant to this Motion that (i) the exculpation clause in Dune's articles of incorporation required dismissal of all claims asserted by the Trustee against the Director Defendants; (ii) claims asserted against the seven Defendants[3] who had full releases of all claims that became effective over a year prior to Dune's bankruptcy filing should be dismissed; (iii) the Trustee lacked standing to assert Count 18 (his securities fraud count); and (iv) the overwhelming majority of the Trustee's claims were barred by the statute of limitations, even assuming *arguendo* the Trustee was able to claim the tolling of Section 108 of the Bankruptcy Code.  Dkt. 3-2, R. 981-1338 (Mot. to Dismiss Pl.'s First Am. Orig. Pet. [Dkt. 9]).

Rather than rule on the merits of the Motion to Dismiss, the Bankruptcy Court *sua sponte* entered an order requiring the Plaintiff to replead his complaint in accordance with federal pleading standards, and stated that the Bankruptcy Court would likely deny the Motion to Dismiss without prejudice as moot following such repleading.  See Dkt. 3-2, R. 1339-1342 (Order Setting Pleading Deadlines and

---

[3] Emanuel Pearlman, Stephen Kovacs, Steven Barrenchea, Alan Bell, Richard Cohen, William Greenwood, and Steven Sisselman.

Cancelling Status Hearing, Adv. Pro. No. 17-0152 (Bankr. W.D. Tex. May 22, 2017) [Dkt. No. 20]).

## C. Removal and the Adversary Proceeding

On June 9, 2017, the Trustee filed his Second Amended Complaint. Included in the Second Amended Complaint were (i) the assertion that the Dune Plan made all parties "duly liable for the cited allegations despite any previous purported releases or agreements" (Dkt. 3-2, R. 1347 (SAC ¶ 5));[4] (ii) the assertion that the Dune Plan conferred on the Trustee the power to assert claims that are "Estate Property" (as defined in the Dune Plan) and that Estate Property "include[d] creditor causes of action" (Dkt. 3-2, R. 1410-1411 (SAC ¶ 166)); (iii) new counts and allegations; and (iv) superficial changes in wording apparently intended to, without success, correct certain pleading deficiencies. The Trustee also amended his complaint to drop all federal claims despite that this amendment was not necessary either to conform to federal pleading standards or to address issues raised on the Motion to Dismiss.

Among other things, the Trustee's amendments included the addition of the following to the Second Amended Complaint:

It is believed that each of the following D&O Defendants are duly liable for the cited allegations despite any previous purported releases or agreements. Section 5.6 of the Debtors' Chapter 11 Plan

---

[4] References to "SAC" are references to paragraphs of the Second Amended Complaint. Similarly, references to "RC" are references to paragraphs of the Removed Complaint.

[Dkt. 558] provides, "Any obligation of the Debtors to indemnify, reimburse, or limit the liability of any Person, including, but not limited to any officer or director of Debtors, […] relating to any acts or omissions occurring before the Petition Date […] shall be deemed to be rejected, canceled, and discharged pursuant to the Plan as of the Effective Date.

Dkt. 3-2, R. 1347 (SAC ¶ 5).

In addition, the Trustee also added the bolded and underlined section of the below quote to the Second Amended Complaint:

Pursuant to Section 9.3 of the Plan, the Liquidating Trustee has the power and duty to, *inter alia*, prosecute Derivative Litigation Claims[.] … Under Section 1.76 of the Plan, Derivative Litigation Claims are any claim, cause of action, demand, or any other right to payment derivative of or from the Debtors that is estate property (defined in the Plan)**, which includes creditor causes of actions**.

Dkt. 3-2, R. 1410-1411 (SAC ¶ 166 (emphasis added)).

The below footnote was added after the bolded text above:

The Debtors' Chapter 11 Plan [Dkt. 558] preserves "D&O Claims" which are defined as all Rights of Rights of Action [*sic*] against the Debtors' current and former officers, directors and agents or those acting in concert with the forgoing for actions at any time prior to the Petition Date and that are not released or exculpated under the Plan, including but not limited to such claims and causes of action described in the *Committee's Emergency Motion for Authority To Bring Causes of Action on Behalf of Estate* [Dkt. 260] and any exhibits or attachments thereto.

Dkt. 3-2, R. 1411 (SAC ¶ 166 n. 104).

## D. The Abstention Order

On June 19, 2017, the Plaintiff filed a Motion to Remand or Abstain and Brief in Support, requesting that the Bankruptcy Court remand this action to the Texas State Court based on (i) lack of subject matter jurisdiction, (ii) mandatory abstention, and (iii) permissive abstention/equitable remand. Dkt. 3-2, R. 1434-1461 (Pl.'s Mot. To Remand or Abstain and Br. in Supp., Adv. Pro. No. 17-01052 (Bankr. W.D. Tex. June 19, 2017) [Dkt. No. 31] (the "Motion")). On July 14, 2017 the Appellants filed a response to the Motion arguing that subject matter jurisdiction existed, mandatory abstention was not required, and permissive abstention was not warranted. Dkt. 3-2, R. 1462-2090 (Defs.' Resp. to Pl.'s Mot. To Remand or Abstain, Adv. Pro. No. 17-01052 (Bankr. W.D. Tex. July 14, 2017) [Dkt. No. 42]). On July 26, 2017 the Plaintiff filed a Reply (Dkt. 3-2, R. 2091-2107, Pl.'s Reply in Support of Mot. To Remand or Abstain [Dkt. 62]), and on August 4, 2017 the Bankruptcy Court conducted a hearing on the Motion and took the matter under submission. Dkt. 3-3 (Hr'g Tr., Adv. Pro. No. 17-01052 (Bankr. W.D. Tex. Aug. 4, 2017) (the "Transcript")).

On August 24, 2017 the Bankruptcy Court issued an order (the "Abstention Order") holding that the Bankruptcy Court had jurisdiction over this action but was nonetheless required to abstain from this action, or in the alternative that the Bankruptcy Court would permissively abstain from this action, and remanded this case to the Texas State Court. Dkt. 3-2, R. 2199-2200 (Order Remanding Suit to

149th Dist. Ct. of Brazoria Cty., Tex., Adv. Pro. No. 17-01052 (Bankr. W.D. Tex. Aug. 24, 2017) [Dkt. No. 71]).

The Appellants timely appealed the Abstention Order on September 7, 2017.

## Summary of the Argument

As set forth below, the Bankruptcy Court erred in failing to consider the undisputed jurisdiction created by the Removed Complaint and by failing to recognize the jurisdiction created by the Plaintiff's affirmative pleading of Dune's plan of reorganization as a central component to his case. As a result, the statutory predicates for mandatory abstention were not met and it was improper to grant mandatory abstention.

Further, the Bankruptcy Court abused its discretion by permissively abstaining when the Plaintiff's own pleadings placed the interpretation of the Bankruptcy Court's own orders at issue, and as a central issue in the case.

## Argument and Authorities

As set out in detail below, it was an error for the Bankruptcy Court to abstain from hearing this action. The statutory predicates to mandatory abstention were not met, and it was an abuse of discretion to, in the alternative, permissively abstain given that the interpretation of the Bankruptcy Court's own orders was at issue. Accordingly, the Abstention Order should be vacated and this action returned to the Bankruptcy Court.

## A. The Bankruptcy Court Was Not Required To Abstain

The Bankruptcy Court erred in mandatorily abstaining from this action because both the Removed Complaint and the Second Amended Complaint trigger "arising in" or "arising under" jurisdiction and accordingly involve "core" matters to which mandatory abstention is inapplicable. The Bankruptcy Court's decision that this action did not have "arising in" or "arising under" jurisdiction, as a component of the determination of whether the requirements of an abstention doctrine are satisfied, is reviewed *de novo*. See Foti, 228 Fed. App'x at 445 ("Although we review a district court's abstention ruling for abuse of discretion, we review de novo whether the requirements of a particular abstention doctrine are satisfied."). Following that review, this Court will review the decision to abstain under an abuse of discretion standard. See In Matter of Galaz, 841 F.3d at 323 (mandatory abstention reviewed under an abuse of discretion standard). It is an abuse of discretion to abstain where the legal requirements for abstention are not met. Foti, 228 Fed. App'x at 445 ("A court necessarily abuses its discretion when it abstains outside of the doctrine's strictures.").

Mandatory abstention does not apply where "arises under" or "arises in" jurisdiction exists, or where an independent basis for federal jurisdiction exists other than 28 U.S.C. § 1334. See 28 U.S.C. § 1334(c)(2). As a result, if "arising

under", "arising in", or federal question jurisdiction, the mandatory abstention statute is inapplicable.

## B. The Removed Complaint Creates Jurisdiction that Makes Mandatory Abstention Inapplicable.

The Fifth Circuit strongly disfavors litigants pleading federal claims and running the risk of removal, then when the case is removed, amending the complaint to remove the federal claims solely have the case returned to state court. See Boelens v. Redman Homes, Inc., 759 F.2d 504, 507–08 (5th Cir. 1985) (general rule is that plaintiff may not defeat federal jurisdiction in a removed complaint through amendment of his claim). The Bankruptcy Court attempted to distinguish Boelens through separating the analysis of removal jurisdiction from the analysis of mandatory abstention. However, the logic of Boelens does not permit this distinction: the Boelens Court specifically cited the "drain on the resources of the state judiciary, the federal judiciary and the parties involved" involved in the sort of jockeying between federal court and state court that occurred here. Id. at 507. The Fifth Circuit's statement that a plaintiff must decide in *advance* if he wishes to press a federal claim cannot be characterized as associated merely with removal but not abstention: the Fifth Circuit clearly stated that this sort of "tactical manipulation [by the plaintiff ] . . . *cannot be condoned*." Id. (emphasis added). It would defy logic that this reasoning applies only to a plaintiff jockeying a case between federal court and state court using one

15

mechanism (dismissal for lack of subject-matter jurisdiction) but permit it based on another (mandatory abstention). Instead, in the Fifth Circuit, the jurisdiction created on removal persists throughout the case. As such, this case should retain the unambiguous "arising in" jurisdiction created by the Plaintiff's pleading of claims under, *inter alia*, 11 U.S.C. § 548.

The Bankruptcy Court's reliance on H.T. Hackney Co. v. REWJB Gas Invs. (In re United Petroleum Grp., Inc.), 311 B.R. 307, 311 (Bankr. S.D. Fla. 2004) for the proposition that the Plaintiff's attempts to evade jurisdiction in violation of Boelens are permitted in the abstention context is similarly misplaced. United Petroleum found that, following a ruling *on the merits* by a bankruptcy court dismissing debtor parties from litigation and a ruling that the plaintiff lacked standing to pursue fraudulent transfer claims, mandatory abstention applied to the remaining state law claims against non-debtor parties. See id. at 311-12. United Petroleum is not the law of this circuit but, even if it had been decided in this circuit, it would be limited by Boelens to cases that had been narrowed *on the merits* rather than by a transparent attempt to evade jurisdiction at the outset of litigation.

The Court's suggestion that the Appellants conceded that only the Second Amended Complaint is relevant is incorrect. While the Court was required to consider the Second Amended Complaint – and the repeated invocations of the

16

Dune Plan added in the Second Amended Complaint – that did not mean that the Court should not consider the Removed Complaint or the jurisdiction created by the Removed Complaint. Appellants took care to note this issue when discussing which complaint should be considered. See Dkt. 3-3, R. [_][5] (Transcript 109:2-8) (noting that amendment cannot remove jurisdiction created by initial complaint); 134:3-10 (same).

The precedent and logic of Boelens dictates the result in this case. The Plaintiff pled claims that allowed a proper removal of his complaint to federal court. The Fifth Circuit does not permit the Plaintiff, under any theory, to amend his complaint after the fact to strip the basis of removal and demand the case be returned to state court, because such conduct would impose a "drain on the resources of the state judiciary, the federal judiciary and the parties involved" resulting from his failure to weigh whether his federal claims were worth the risk of removal before bringing suit. Boelens, 759 F.2d at 507. This action has the "arising under" jurisdiction created by the Removed Complaint, and thus mandatory abstention is inapplicable.

Additionally, the Bankruptcy Court erred in holding that the Plaintiff's claims under 11 U.S.C. §§ 544 and 548 did not create federal question jurisdiction.

---

[5] The Hearing Transcript was designated for the record on appeal by Appellants. See Dkt. 3-3 (Bankr. W.D. Tex. Oct. 11, 2017). However, an electronic version of that transcript bearing record page numbers is unavailable online and has not otherwise been provided to Appellants. Nevertheless, Appellants attach a copy of the hearing transcript here for the Court's review.

Although 28 U.S.C. § 1334 clearly confers jurisdiction on the federal courts for claims "arising under" title 11, claims under 11 U.S.C. § 548 are also claims arising under the laws of the United States and qualify for federal question jurisdiction under 28 U.S.C. § 1331. See, e.g., Drew v. Chase Manhattan Bank, N.A., 185 B.R. 139, 141 n.2 (S.D.N.Y. 1995) (noting that a district court had jurisdiction over claims arising under the bankruptcy code under both 28 U.S.C. §§ 1331 and 1334.) The Bankruptcy Court erred in holding that because these claims have bankruptcy jurisdiction they cannot *also* have federal question jurisdiction.

Finally, the Bankruptcy Court ignored clear Fifth Circuit precedent that once an action has been properly removed to federal court, supplemental jurisdiction over the remaining claims created by the Trustee's affirmative bankruptcy claims continued to exist and made abstention inappropriate, even when the Plaintiff waived his bankruptcy claim. In re TXNB Internal Case, 483 F.3d 292, 301 (5th Cir. 2007) (affirming bankruptcy court and district court denial of abstention motion, and stating "The fact that Edge ultimately waived the merits of its federal-question claim and pressed only its supplemental claim did not affect the propriety of abstention vel non, because Edge's loss on the merits of its federal question claim did not operate to defeat the district court's independent basis for jurisdiction over the supplemental claim. In sum, the complaint gave rise to two claims; because Edge's non-core claim was supplemental to the core claim it could have

18

pressed, and because § 1367(a) continued to provide an independent basis for federal jurisdiction even after Edge had waived the merits of its core bankruptcy claim, abstention was inappropriate.")

**C.  The Second Amended Complaint Creates "Arising-Under" Jurisdiction Making Mandatory Abstention Inapplicable.**

Even if this Court were to ignore the jurisdiction created by the Removed Complaint which was unsuccessfully sought to be avoided by subsequent amendment, the Second Amended Complaint independently creates "arising under" jurisdiction that makes mandatory abstention inapplicable.

The Bankruptcy Court failed to follow clear Fifth Circuit precedent that a matter that, as pled by the plaintiff, requires interpretation of the Plan is a core matter in which mandatory abstention is inapplicable.  The Fifth Circuit has squarely held that a matter that "requires interpretation of the plan" is a matter "arising under title 11" and is therefore a core matter.  See, e.g., Matter of Martinez, No. 00-40412, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000) (holding that an action that required interpretation of the notice provisions of a plan was a core matter); see also Weaver v. Tex. Capital Bank, N.A., 410 B.R. 453, 459 (N.D. Tex. 2009) (holding that because an action required interpreting a bankruptcy plan, it was subject to bankruptcy jurisdiction and a core matter under Martinez, but permissively abstaining as none of the parties to the action were parties to the underlying bankruptcy); Nancy Sue Davis Trust v. Davis, No.

MISC.A. C-09-9, 2009 WL 1066996, at *2 (S.D. Tex. Apr. 21, 2009) (holding that matters involving interpretation of a plan arise under title 11, and holding that the plaintiff's invocation of the plan in their pleadings as a prerequisite to proceed made the claim appropriately resolved in the bankruptcy court). The Bankruptcy Court mischaracterized the Second Amended Complaint's invocation of the Plan by repeatedly suggesting that the Appellants raised this issue in the form of affirmative defenses, rather than having been pled by the Plaintiff in his complaint. See, e.g., Dkt. 3-2, R. 2170-2198 (Opinion Regarding Mot. To Remand or Abstain, Adv. Pro. No. 17-01052 (Bankr. W.D. Tex. Aug. 24, 2017) [Dkt. No. 70] ("Opinion") at 16) ("[T]he assertion of a defense based on the interpretation of the confirmed plan … is not sufficient to invoke 'core' bankruptcy jurisdiction.") (emphasis added).   But this is incorrect: the Plaintiff affirmatively chose to represent in his complaint that the Plan created or revived these causes of action, rather than the Defendants raising the Plan as a defense.  See, e.g., Dkt. 3-2, R. 1347 (SAC ¶ 5).  This brings this matter outside the ambit of cases cited by the Bankruptcy Court such as Malesovas v. Sanders, which hold that defenses that rely on interpretation of the plan do not create arising-in jurisdiction, and into the realm of cases that clearly hold that affirmative pleading by the plaintiff that places the interpretation of the plan at issue create "arising in" jurisdiction.  No. Civ. A. H-04-3122, 2005 WL 1155073, at *3 (S.D. Tex. May 16, 2005).

The Bankruptcy Court cited <u>Nancy Sue Davis Tr. v. Davis</u> for the proposition that "defenses based on an interpretation of the confirmation order or plan will not create core bankruptcy jurisdiction." Dkt. 3-2, R. 2186 (Opinion at 16). However, <u>Davis</u> *supports* the argument of the Appellants: the <u>Davis</u> court concluded that the plaintiff's invocation and request for interpretation of a bankruptcy plan created jurisdiction that would not exist had the plaintiff merely allowed the defendants to raise the interpretation of the plan as a defense. <u>Davis</u>, 2009 WL 1066996, at *2 ("Had Plaintiff simply filed her complaint with the Court, all Confirmation Order and Plan-interpretation issues, *i.e.*, all of the bankruptcy law issues involved in the present dispute, would have been raised by Defendants as affirmative defenses and affirmative defenses are insufficient to invoke the jurisdiction of the bankruptcy court."). As in <u>Davis</u>, the Defendants did not raise these matters in defense (as the Bankruptcy Court incorrectly suggests) because the Defendants never filed a motion to dismiss or an answer directed at the Second Amended Complaint. Instead, as in <u>Davis</u>, the Trustee chose to place the Plan into play in his initial complaint, and as <u>Davis</u> recognizes, a plaintiff's actions in doing so create jurisdiction where jurisdiction might not otherwise exist if the plaintiff merely waited for the defendants to raise those issues as affirmative defenses. Here, the Trustee affirmatively pled that the Plan created causes of action Dune did not possess pre-petition by voiding releases and Dune's exculpation clause. Clear

precedent states that this tactical decision obviates the Trustee's attempt to evade the Bankruptcy Court's jurisdiction.

The Bankruptcy Court's holding that courts have rejected similar arguments as those raised above by the Appellants is also incorrect. The Bankruptcy Court cited Gupta v. Quincy Medical Center, a First Circuit case, but that case merely rejected arguments that the mere transfer of existing claims through a bankruptcy plan was sufficient to invoke "arising in" jurisdiction. 858 F.3d 657, 664 (1st Cir. 2017). Appellants have never sought to suggest the mere mention of the Plan's assignment of the claims of Dune to the Plaintiff supports jurisdiction;[6] instead, Appellants correctly argued to the Bankruptcy Court that the Plaintiff's assertion that, through voiding releases and Dune's exculpation clause he sought to create new claims that did not exist and were barred pre-petition, he had established "arising in" jurisdiction.

---

[6] The Appellants also maintain their argument that the Plaintiff's assertion of non-existent sections of the Plan to argue that the Plaintiff holds the claims of creditors also places the interpretation of the Plan squarely at issue and creates "arising in" jurisdiction. While the mere ordinary assignment of a debtors' claims to a litigation trust has been held to not create arising-in jurisdiction to avoid every litigation trust case being an "arising in" case, the logic of these cases does not extend to permit a determination that a plaintiff's citation to non-existent portions of a plan that supposedly assign the claims of creditors to a litigation trust does not create an "arising in" jurisdictional issue requiring interpretation of a plan. See, e.g., Dkt. 3-2, R. 1410-1411 (SAC ¶ 166) (citing Section 1.76 of the Plan to define "Derivative Litigation Claims" as including creditor causes of action); Dkt. 3-2, R. 1411 (SAC ¶ 166 n.4) (suggesting that "D&O Claims" are defined as all claims against Dune's directors and officers; see generally Dkt. 3-2, R. 531-539 (Dune Plan) (no section 1.76 in Plan; "Derivative Litigation Claims" defined as only claims of the Debtors; "D&O Claims" defined as only claims against Dune's directors and officers held by the Debtors).

22

**D. Because the Interpretation of the Bankruptcy Court's Orders is at Issue, the Bankruptcy Court Abused its Discretion in Permissively Abstaining**

The Bankruptcy Court also abused its discretion in abstaining because the Plaintiff has squarely placed the interpretation of the Bankruptcy Court's own orders at issue as set forth above, and it is an abuse of discretion for a bankruptcy court to permissively abstain when the interpretation of its own orders are at issue. See Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1194 (7th Cir. 1993) (holding a bankruptcy court abused its discretion in permissively abstaining and stating that "the reorganization court should not abstain from interpreting its own consummation order absent extraordinary circumstances"); In re Texaco Inc., 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995) (a bankruptcy court should not abstain from interpreting its own orders).

No such extraordinary circumstances were found here. Although the Bankruptcy Court found that the Texas State Court was "capable of reading and understanding the Plan," that finding falls well short of any exceptional circumstances. See Dkt. 3-2, R. 2170-2198 (Opinion at 23). The Bankruptcy Court's analysis places heavy weight on the fact that there are matters of state law involved, but without the Plan the Plaintiff has no claims against released defendants and no duty of care claims against directors of Dune due to the releases and the "exculpation clause". As a result, the Bankruptcy Court's interpretation of

23

the plan will show that no claims at all can be asserted against 7 of the 18 Defendants. Further, the Plaintiff's duty of care claims cannot be asserted against the 14 Defendants who were only directors of Dune and thus fully protected by Dune's exculpation clause. Further, an analysis of the Plan would clearly show that the Plaintiff's allegation that he holds the claims of Dune's creditors is nonsense.

Finally, even if the Plaintiff's Plan arguments were somehow correct, it would be irrelevant to and unenforceable with respect to the majority of Appellants who received no notice of the bankruptcy proceedings and the proposed plan, and thus the agreements that protected them could not be rejected as part of the plan. See In re Parkwood Realty Corp., 157 B.R. 687, 691 (Bankr. W.D. Wash. 1993) (failure to notify a party that their contract was being rejected results in the contract not having been rejected, notwithstanding boilerplate language in the plan). Attempting to enforce the Plan's boilerplate contract rejections against a party who received no notice would raise substantial due process concerns.

The Matter of Chicago Court clearly held that issues of state law that a bankruptcy court need not reach given the bankruptcy issues in the case do not create a meaningful issue of state law that justifies abstention; and that even state law claims do not support abstention where matters that a bankruptcy court should

resolve are also present. 6 F.3d at 1191 ("This is a question for the reorganization court to decide, and it may do so without reaching any state law question . . . .").

Finally, the Bankruptcy Court's analysis of the permissive abstention factors was flawed. For example, the Abstention Order suggested that choice of law issues might exist because Dune's two subsidiaries were Texas corporations, while Dune was a Delaware corporation, but the Plaintiff's complaint affirmatively pleads that each Appellant was sued in their capacity as a director or officer of the Delaware entity Dune Energy Inc., and the Plaintiff himself concedes that there is no evidence of any actions taken by the subsidiary Texas corporations and makes no allegations of any kind that relates to them. Dkt. 3-2, R. 2199-2200 (Abstention Order at 25); Dkt. 3-2, R. 1343-1431 (SAC ¶¶ 6-30). The Abstention Order notes that the complaint asserts claims under Texas law as a basis to give deference to a Texas state court, but it is black-letter law that a Texas state court would apply Delaware law to a Delaware corporation for the breach of fiduciary duty claims brought by the Plaintiff. <u>See</u> Tex. Bus. Orgs. Code §§ 1.102 (codifying the internal affairs doctrine), 1.105 (defining internal affairs, inter alia, "as the rights, powers, and duties of its governing authority, governing persons, officers, owners, and members"); <u>see also</u> <u>Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan</u>, 883 F.2d 345, 354 (5th Cir. 1989) (holding that Texas statutory law mandated the application of Maryland corporate law to the internal affairs of a

Maryland corporation); State Farm Mut. Auto. Ins. Co. v. Lopez, 156 S.W.3d 550, 557 n.7 (Tex. 2004). No deference is due to a Texas court to decide issues of Delaware state law, and the Bankruptcy Court's holding otherwise as a basis to permissively abstain was in error.

The Bankruptcy Court also erred by suggesting that a state court is qualified to interpret the Plan and thus bankruptcy law does not predominate because "bankruptcy plans…are contracts[.]" Dkt. 3-2, R. 2199-2200 (Abstention Order at 23). Yet the issues presented by the Trustee's invocation of the plan are not contract law issues: they go to core features of bankruptcy law, such as if an "exculpation clause" or a release can be rejected as an "executory contract" and if such rejection is effective if the party is given no notice. See 11 U.S.C. § 365(a) (permitting only rejection of "executory contracts"); In re Parkwood Realty Corp., 157 B.R. 687, 691 (Bankr. W.D. Wash. 1993) (rejection of a contract through boilerplate plan provisions ineffective when party given no notice).

Had the Bankruptcy Court properly resolved the plan interpretation issues affirmatively raised by the Plaintiff in the Second Amended Complaint, the Court would have dismissed large swaths of the Trustee's complaint without a need to reach disputed state law issues. The Bankruptcy Court further erred in its suggestion that comity to a Texas state court was required in a matter that will be

6442021

decided under Delaware law.  As a result, it was an abuse of discretion for the Bankruptcy Court to permissively abstain from this action.

## **Conclusion**

For the reasons set forth above, this Court should hold that the Bankruptcy Court erred in determining that there was no "arising in" "arising under" and/or federal court jurisdiction; that the statutory requirements of mandatory abstention were not met, and as such it was an abuse of discretion to mandatorily abstain; and that because the interpretation of the Bankruptcy Court's own orders was at issue it was an abuse of discretion to permissively abstain.  Appellants therefore respectfully request that this Court vacate the Abstention Order and order that this case proceed in the Bankruptcy Court.

6442021

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ John F. Higgins*

John F. Higgins
State Bar No. 09597500
Alison P. Henderson
State Bar No. 24087707
1000 Main Street, 36th Fl.
Houston, Texas, 77002
Telephone: (713) 226-6648
Facsimile:  (713) 226-6248
Email: jhiggins@porterhedges.com
Email: ahenderson@porterhedges.com

– and –

**BROWN RUDNICK LLP**
Sigmund S. Wissner-Gross
Kenneth J. Aulet
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile:  (212) 209-4801
Email: swissner-gross@brownrudnick.com
Email: kaulet@brownrudnick.com

*Counsel for Appellants.*

## Certificate of Compliance

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(A) because this brief does not exceed 30 pages.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font or larger.

Dated: December 20, 2017

*/s/ John F. Higgins*
John F. Higgins

## Certificate of Service

I hereby certify that the foregoing Appellants' Joint Opening Brief was filed with the Court in electronic format, on the 20th day of December, 2017, and an electronic copy of the brief was served on counsel of record, as listed below on the same date.

*/s/ John F. Higgins*
John F. Higgins

6442021